Betty F. **RODGERS,** et al., Plaintiffs,

v.

**MISSOURI INSURANCE GUARANTY ASSOCIATION, Defendant.**

No. 86–0150C(3).

United States District Court,
E.D. Missouri, E.D.

March 11, 1987.

---

Andrew C. Webb, Roger J. Schuber, Sedalia, Mo., Kenneth M. Romines, Curtis, Bamburg, & Crossen, St. Louis, Mo., for plaintiffs.

Sam P. Rynearson, Gerre S. Langton, Evans & Dixon, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

Plaintiffs brought this diversity suit seeking a declaratory judgment that defendant, Missouri Insurance Guaranty Association, is obligated to pay the claim of plaintiffs resulting from a judgment entered by the United States District Court for the Western District of Missouri.

Having considered the pleadings, trial testimony, exhibits, stipulations, and memoranda of the parties, the Court hereby makes and enters the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiffs are citizens of Texas. In April 1982 plaintiffs were residents of Missouri.

2. Defendant is an unincorporated insurance guaranty association created by Missouri statute and having its principal place of business in Missouri.

3. The Ideal Mutual Insurance Company (Ideal) issued to Robert Crenshaw, as Sheriff of Benton County, Missouri, a law enforcement officers' comprehensive liability insurance policy, no. 17258, with effective dates of October 31, 1980, to October 31, 1983.

In relevant part, the policy obligated insurer:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
>
> A. Bodily Injury or
>
> B. Property Damage,
>
> caused by an occurrence and arising out of the Insured's occupancy, maintenance or use of official premises and/or the Insured's operations in performance of official duties. The Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

The policy also stated that the coverage did not apply "to damages assessed against an insured as punitive or exemplary damages or resulting from a criminal act." Exclusion (j).

4. On November 1, 1983, plaintiff Betty F. Rodgers filed a civil action for damages in the United States District Court for the Western District of Missouri, Central Division, cause no. 83–4390 CV–C–5, styled *Betty F. Rodgers v. Glen Brenner, Orla Crudginton, Osage Valley Bank, Roy Gray, and Benton County, Missouri.*

5. On November 29, 1984, Betty F. Rodgers filed her first amended complaint naming her husband, Robert E. "Buck" Rodgers, as an additional party plaintiff and naming Robert Crenshaw, Sheriff of Benton County, as a party defendant.

6. Plaintiffs' first amended complaint against Sheriff Robert Crenshaw alleged that he directed the actions of co-defendant Deputy Sheriff Roy Gray on April 28, 1982, involving wrongful repossession of two automobiles belonging to the plaintiffs.

In relevant part, plaintiffs sought a total of $200,000 in actual damages and $100,000 in punitive damages for defendants' violations of plaintiffs' rights under the fourth, fifth, and fourteenth amendments of the United States Constitution and 42 U.S.C. § 1983.

7. On December 7, 1984, Crenshaw acknowledged receipt of summons and complaint in the above action. This acknowledgment was filed on December 17, 1984.

8. On December 24, 1984, Robert Crenshaw sent a letter to the National Sheriffs' Association informing it of the civil action brought against him. That letter was received by the National Sheriffs' Association on December 31, 1984, and forwarded to Ideal on January 2, 1985.

9. On December 26, 1984, Ideal was placed in rehabilitation and was enjoined by an order of court from providing defense or making payment of any claims for an indefinite period. On February 7, 1985, the order of rehabilitation was revoked and Ideal was declared insolvent and placed into receivership for purposes of liquidation. Ideal remained enjoined from providing defense or paying claims.

10. On December 27, 1984, Sheriff Crenshaw filed his answer to the plaintiffs' first amended complaint.

11. On February 8, 1985, Robert Crenshaw filed answers to plaintiffs' interrogatories stating that his insurance carrier was in rehabilitation. Crenshaw included a copy of a memorandum from the National Sheriffs' Association indicating that Ideal was enjoined from providing a defense or making payment of claims.

12. Plaintiffs' allegations and requests for relief were set forth again in a second amended complaint filed April 4, 1985. Defendant Crenshaw filed an answer to the second amended complaint on April 11, 1985.

13. On May 23, 1985, plaintiffs filed a motion for summary judgment against defendants Crenshaw and Gray in a total amount of $100,000. Included with that motion was a release entered into between plaintiffs and Crenshaw which allowed judgment to be taken against him in exchange for plaintiffs' agreement not to execute against Sheriff Crenshaw personally. Additionally, Sheriff Crenshaw promised to cooperate in plaintiffs' attempts to recover from other persons.

Attorney Karen Coffey Woodley, on behalf of Sheriff Crenshaw, filed a response to the summary judgment motion stating that there were no issues of material fact in dispute, that Crenshaw had no idea of the value of plaintiffs' damages, and waiving defendant's technical objection that the motion was filed out of time. On that same day, Judge Scott Wright entered his order sustaining plaintiffs' motion for summary judgment, and entering judgment totalling $100,000 in favor of plaintiffs.

14. Sometime after June 3, 1985, plaintiffs filed separate proofs of claim with the Missouri Insurance Guaranty Association (MIGA) based on the summary judgment from the United States District Court for the Western District of Missouri.

15. On December 24, 1985, a representative of MIGA sent plaintiffs a letter formally denying their claim and stating the reasons for denial.

16. Neither Ideal nor MIGA participated in the underlying action.

### Conclusions of Law

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201 and venue is proper in the Eastern District of Missouri.

2. Mo.Rev.Stat. § 375.785(4)(1)(b) (Supp. 1985) provides that MIGA shall "[b]e deemed the insurer to the extent of its obligations on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."

3. A "covered claim" is defined in Mo. Rev.Stat. § 375.785(3)(2) (Supp.1985) as:

an unpaid claim, excluding those for unearned premiums, presented within the time specified in accordance with subsection 1 of section 375.670, and which arises out of and is within the coverage of an insurance policy to which this sec-

tion applies issued by a member insurer, if such insurer becomes an insolvent insurer after September 28, 1971, and the claimant or insured is a resident of this state at the time of the insured event; or the property from which the claim arises is permanently located in this state. "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.

■ 4. MIGA must satisfy the judgment issued against Sheriff Robert Crenshaw and in favor of plaintiffs by the United States District Court for the Western District of Missouri in cause no. 83–4390 CV–C–5 insofar as this judgment represents a "covered claim."

5. The parties do not contest the fact that plaintiffs' claim against Sheriff Crenshaw, to the extent it seeks actual and not punitive damages, is covered by the Ideal policy and is at present unpaid. Nor is there an issue raised about Ideal's status as a member insurer of MIGA or about Ideal's insolvency after September 28, 1971. The record reflects that plaintiffs were residents of Missouri at the time their car was unlawfully repossessed in April 1982. Accordingly, the statutory requirements of "covered claim" have been satisfied.

6. In its judgment entry in cause no. 83–4390 CV–C–5, the district court awarded each plaintiff $50,000. The court, however, did not specify what portion of this amount, if any, was for punitive damages.

■ 7. Because this judgment represents a "covered claim" only insofar as it assesses actual damages, this Court must segregate the amounts of each type of damages. Lacking more specific guidance, the Court will construe the judgment of the Western District to award plaintiffs actual and punitive damages in the same proportions as plaintiffs requested, or in a ratio of 2:1. Therefore, each plaintiff has a judgment against Sheriff Crenshaw in the amount of $33,333.33 as actual damages and $16,666.67 as punitive damages.

8. Based on the foregoing, MIGA must satisfy the judgment issued against Sheriff

Robert Crenshaw and in favor of plaintiffs by the United States District Court for the Western District of Missouri in cause no. 83–4390 CV–C–5 in the amount of $66,-666.66.

Accordingly, judgment will be entered for plaintiffs.